## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

|  |  |
|---|---|
| | * |
| **GAIL MINK INDIVIDUALLY** | |
| **AND ON BEHALF OF** | |
| **BALTIMORE BEHAVIORAL** | * |
| **HEALTH INC. RETIREMENT** | |
| **AND DISABILITY PLANS** | * |
| * | |
| | * |
| **PLAINTIFFS** | |
| | * |
| V. | CASE  NUMBER |
| | * |
| **Baltimore Behavioral Health Inc.** | |
| **SERVE ON** | * |
| **William Hathaway** | |
| **200 South Arlington Avenue** | * |
| **3rd Floor** | |
| **Baltimore, Maryland 21223** | * |
| | |
| **and** | * |
| | |
| **William Hathaway** | * |
| SERVE AT: | |
| **200 South Arlington Avenue** | * |
| **3rd Floor** | |
| **Baltimore, Maryland 21223** | * |
| | * |
| | * |
| **DEFENDANTS** | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## COMPLAINT

Now comes, Plaintiff Gail Mink individually for herself and behalf of all Plan

Participants in various retirement plans sue Defendants for failing to put employee

contributions into various Plans in 2009 and 2010, failing to make employee

contributions to an employee retirement and disability benefit plan  and other important

violations of the Employee Retirement Income and Security Act. Plaintiff Mink is also

bringing a civil action for violations of the Racketeering Influenced Corrupt Organization

Act (RICO) for violations of 18 U.S.C. Section 664 and 18 U.S.C. Section 1961, 29

U.S.C. Sections 1104 and 1106.

## STATEMENT OF FACTS RELATED TO THE PENSION CLAIMS

### The Parties

1. Plaintiff Gail Mink  is a citizen and resident of the State of Maryland.

2. Ms. Mink is a plan participant in the Baltimore Behavioral Health "Retirement
   and Disability Plans" with all other employees who worked for the Baltimore
   Behavioral Health from the time that she started employment to the present time.

3. There are at least 100 current and former Plan Participants of the Retirement
   Plan and Disability Plans.

4. The Retirement and Disability Plans were established for the employees working
   in Maryland and elsewhere.

5. The  Retirement Plan is a  Section 403 (b) individual account plan as that term is
   defined under Section 3 (35) of the Employee Retirement Income Security Act
   of l974, 29 U.S.C. § 1002 (34).

6. Defendant William Hathaway (Defendant Hathaway)  at all times relevant to this
   lawsuit was both a Plan Administrator and a trustee of the Retirement and
   Disability Plans and a fiduciary to the Retirement and Disability Plans, as set
   forth in Section 3 (21) of the Employee Retirement Income Security Act of l974.
   29 U.S.C. § 1002(21).

7.  Defendant Baltimore Behavioral Health Inc. (hereinafter Defendant BBH Inc.) is an in state corporation located in Maryland doing business in Maryland and other states. Defendant BBH Inc. is a party in interest as that term is defined under ERISA because it is the plan sponsor of the Retirement and Disability Plan.

8.  Morris Hill was an owner of Defendant BBH Inc. in 2009 and 2010 and was involved in decisions concerning when Defendant BBH Inc. would pay its indebtedness to the Retirement and Disability Plans for failing to place employee contributions into the Retirement Plan in 2009 and 2010.

9.  Sandra Hill was a co-founder and owner of Defendant BBH Inc. in 2009 and 2010 and was involved in decisions concerning when Defendant BBH Inc. would pay its indebtedness to the Retirement and Disability Plans for failing to place employee contributions into the Retirement and Disability Plans in 2009 and 2010.

10. Ms.Mink brings this lawsuit on own her behalf and on behalf of the Retirement and Disability Plans and all individual plan participants and beneficiaries.

**Facts Establishing Legal Violations Concerning Retirement and Disability Plans**

11. From 2009 until May 2010, Plaintiff Mink and other similarly situated persons made contributions from their paychecks to the Retirement and Disability Plans.

12. Nevertheless, Defendants placed few if any of the required contributions into the Retirement and Disability Plans in both 2009 through May 2010.

13. Defendants were required to place the contributions into the Retirement Plan
    within seven days because the Retirement Plan was a 403 (b) retirement plan but
    failed to do so in both 2009 and 2010.

14. Defendants also failed to match employee contributions from 2009 through May
    2010 as required under the terms of the Retirement Plan.

15. In 2010, Plaintiff Mink notified the Defendants and advised them that she would
    take further legal action if the contributions and match were not put into the
    Retirement and Disability Plans. Defendants made no satisfactory response
    concerning making the contributions due and owing to the Retirement and
    Disability Plans.

16. The amounts not contributed into the Retirement and Disability Plans are
    accordingly due and payable in the amount of at least $5,000 for Plaintiff Mink.

17. Plaintiff  Mink and counsel have received no actual documentation or other
    proof that any of the required contributions that should have been made from
    2009 and 2010 to the present were subsequently placed into the Retirement Plan.

18. Plaintiff Mink through counsel also sent Freedom of Information Act Requests
    to the United States Department of Labor to obtain all available Form 5500's
    that the Retirement Plan had previously filed with the Internal Revenue Service.

19. Plaintiff Mink  was advised by employees of the United States Department of
    Labor that the Retirement Plan had not filed a Form 5500 since 2008.

20. Plaintiff Mink has never received required documents under the Employee
    Retirement Income Security Act from the Retirement and Disability Plans from
    2009 and 2010 to the present demonstrating that required contributions were

actually placed into the Retirement or Disability Plans even though she received quarterly statements from the Retirement Plan to the present.

21. Plaintiff Mink alleges that Defendants have made few if any contributions to the Retirement and Disability Plans since the beginning of 2009 through May 2010.

22. Defendants did not disclose to Plan Participants, including Plaintiff, that they were not making contributions to the Retirement and Disability Plans. In fact, the Defendants attempted to conceal and hide their misconduct by failing to file the required Form 5500's with the Internal Revenue Service as alleged in the Complaint.

23. Plaintiff Mink and other plan participants in the Retirement and Disability Plans suffered further financial losses from 2009 to the present, by Defendants failing to prudently invest the required contributions, failing to diversify the required contributions to the Retirement Plan from 2009 to the present, and failing to invest the required contributions based on the terms of the required plan document for either the Retirement or Disability Plans.

24. Plaintiff Mink and other plan participants in the Retirement and Disability Plans suffered further losses regarding their eventual benefits that they would be entitled to at retirement or if they became disabled by Defendants' failure to make the required contributions to the Retirement and Disability Plans from 2009 to the present.

**FACTS RELATED TO THE RICO VIOLATIONS**

25. Defendant Hathaway acting in combination with the other individuals starting in 2009 diverted and stole employee contributions owed to the Retirement and Disability Plans that violated 18 U.S.C. Section 664 and were predicate acts under 18 U.S.C. Section 1961 and also in violation of ERISA Sections 404 (a) and (b) and 406 to pay other expenses of Defendant BBH Inc.

26. Defendant Hathaway as Plan Administrator of the Retirement Plan agreed in combination with the other unknown individuals to allow employee contributions to the Retirement and Disability Plans to be diverted and stolen in violation of 18 U.S.C. Section 664 and are predicate acts under 18 U.S.C. Section 1961 as well as ERISA Sections 404 (a) and (b) and 406 to pay other expenses of Defendant BBH Inc. and refused to pay back the employee contributions to the Retirement and Disability Plans from 2009 to the present time.

27. Mr. and Ms. Hill in 2009 and later in 2010 as owner of Defendant BBH Inc. participated in decisions not to pay back employee contributions to the Retirement and Disability Plans with Defendant Hathaway that were diverted and stolen in violation of 18 U.S.C. Section 664 and predicate acts in violation of 18 U.S.C. Section 1961 due and owing for both 2009 and 2010 and instead keep the money for use by BBH Inc. to pay tax obligations and other incidental expenses.

28. The victims that were defrauded by the individual named Defendant were all employees of BBH Inc. that had employee contributions to the Retirement and Disability Plans diverted and stolen in violation of 18 U.S.C. Section 664 and

predicate acts under 18 U.S.C. Section 1961 from the Retirement and Disability

Plan to the Defendant BBH Inc. in 2009 and 2010 and the employee

contributions were never repaid to the Retirement and Disability Plan. All plan

participants suffered substantial financial losses in both 2009 and 2010 as a

result of the diversion and theft of employee contributions that should have been

placed in the Retirement and Disability Plans.

29. The victims' contributions to the Retirement and Disability Plans came out of

their regular paychecks for various pay periods in 2009 through May 2010 that

were repeatedly diverted and stolen in violation of 18 U.S.C. Section 664 and

were predicate acts under 18 U.S.C. Section 1961.

30. The specific time, place and manner of the mail and wire theft in violation of 18

U.S.C. Section 664 and predicate acts under 18 U.S.C. Section 1961 were

carried out by the Defendants by not sending employee contributions prepared

as part of employee paychecks to the third party administrator holding all assets

in the Retirement Plan and insurance company for the long term disability

benefits in 2009 and 2010.

31. The enterprise in this case was an association in fact enterprise as that term is

defined in RICO and includes all of the named Defendants , all of whom acted in

concert and managed and directed the enterprise whose purpose was to divert,

defraud and steal employee contributions from the Retirement and Disability

Plans beginning in 2009 to the present and continuing in violation of 18 U.S.C.

Section 664 and were predicate acts under 18 U.S.C. Section 1961 and use the

employee contributions for other improper purposes.

32. The structure of the enterprise included the individual named Defendant, and
    Mr. and Ms. Hill that were either corporate executives or owners of Defendant
    BBH Inc in 2009 and 2010 and they exercised complete control over both the
    financial affairs of Defendant BBH Inc. and the Retirement and Disability Plan.

33. The course of conduct engaged in by the named Defendants in the RICO
    enterprise  was to steal and misuse employee contributions, misstate and
    misrepresent to all Plan Participants in the Retirement and Disability Plans, the
    United States Department of Labor and the undersigned counsel by mail,
    electronic mail and telephone that all required employee contributions would be
    made and/or paid back for 2009 and 2010 when in fact the individual named
    defendant and Mr. and Ms. Hill have repeatedly refused to do so. Defendant
    Hathaway, as Plan Administrator of the Retirement Plan, has refused to file
    Form 5500's under penalties of perjury with the United States Department of
    Labor for either 2009 and 2010 that would identify the losses that the Retirement
    Plan has sustained for those years for Defendants failure to make and/or repay
    the employee contributions from either 2009 or 2010.

34. Mr. and Ms. Hill  participated and were involved in Defendant Hathaway's
    breach of fiduciary duty by participating in prohibited transactions in violation of
    ERISA Section 404 and 406 by not placing the employee contributions in the
    Retirement and Disability Plans in 2009 and 2010.

 Relief Requested - For the reasons stated, Mr. Mink requests that (a) Defendants
Hathaway and BBH Inc. be held to have breached their fiduciary duties with
regard to the Retirement and Disability Plans and be required to place all required

employee contributions into the Retirement and Disability Plans with required interest; (b) Defendants  disgorge any and all employee contributions that they may be holding and have not placed in the into the Retirement and Disability Plans; (c) the Court award Ms. Mink reasonable attorneys fees and the costs of this action; and (d) the Court enjoin Defendants in the future and require them to place all employee contributions into the Retirement and Disability Plans ;  (e) the Court certify the instant action for class action purposes so that all plan participants be allowed to join the instant action.

## COUNT TWO
## FAILURE TO MAKE PRUDENT INVESTMENTS

35. All allegations of this Complaint are expressly incorporated into and made a part of Count Two.

36. This Count is brought pursuant to Section 502 (a) 2 of ERISA.

37. From 2009 to the present, investment decisions concerning the Retirement Plan were made and/or approved by Defendant Hathaway and BBH Inc.

38. From 2009 to the present and continuing, Defendant Hathaway breached his fiduciary duty to Ms. Mink and other plan participants by failing to invest plan assets (required employee contributions) that were furnished to them from 2009 through the present and continuing in violation of Section 404 of the Employee Retirement Income Security Act of l974, 29 U.S. C. § 404 and 406, resulting in substantial losses to the Retirement Plan.

39. Defendants did not take into appropriate consideration the possible risk of loss to the Retirement and Disability Plans by their failure to invest required employee contributions  from 2009 to the present and continuing or the required match by

Defendant BBH Inc..

Relief Requested  Ms. Mink requests that (a) Defendants Hathaway and BBH

Inc.  be required to reimburse the Retirement and Disability Plans for all losses

as a result of their failure to invest the employee contributions from 2009 to the

present with interest; (b) the Court award Ms. Mink reasonable attorneys fees

and the costs of this action; (c) the Court require Defendants Hathaway and

BBH Inc. to prudently invest all employee contributions that they are furnished

by plan participants; (d) the Court certify the instant action for class action

purposes so that all plan participants in the Retirement Plan can join the instant

action.

**COUNT THREE**
**(FAILURE TO PROPERLY DIVERSIFY**
**PLAN ASSETS BY NOT PLACING**
**EMPLOYEE CONTRIBUTIONS INTO**
**A RETIREMENT PLAN)**

40. All allegations of this Complaint are expressly incorporated into and made a part

of Count Three.

41.  This Count is brought pursuant to Section 502 (a) 2 of ERISA.

**42.** From 2009 to the present , investment decisions concerning the Retirement Plan

were made and/or approved by Defendants Hathaway and BBH Inc and Mr. and

Ms. Hill.

43. From 2009 to the present and continuing, Defendants Hathaway and BBH Inc.

breached their fiduciary duty to Ms. Mink and other plan participants by failing

to diversify plan assets (required employee contributions) that were furnished to

them from 2009 through the present and continuing in violation of Section 404

of the Employee Retirement Income Security Act of 1974, 29 U.S. C. § 404 and

406, resulting in substantial losses to the Retirement Plan.

44. Defendants Hathway and BBH Inc. did not take into appropriate consideration

the possible risk of loss to the Retirement Plan by their failure to diversify

required employee contributions from 2009 to the present and continuing.

Relief Requested  Ms. Mink requests that (a) Defendants Hathaway and BBH

Inc. be required to reimburse the Retirement Plan for all losses as a result of

their failure to diversify the employee contributions from 2009 to the present

with interest; (b) the Court award Ms. Mink reasonable attorneys fees and the

costs of this action; (c) the Court require Defendants Hathaway and BBH Inc. to

diversify all employee contributions that they are furnished by plan participants;

(d) the Court certify the instant action for class action purposes so that all plan

participants in the Retirement Plan can join the instant action.

## COUNT FOUR
## (FAILING TO PLACE REQUIRED CONTRIBUTIONS IN THE RETIREMENT AND DISABILITY PLANS BASED ON THE PLAN DOCUMENT AND SUMMARY PLAN DESCRIPTION)

45. All of the allegations in the Complaint are expressly incorporated into this

Count of the Complaint.

46. This Count is brought pursuant to Section 502(a) (2) and (3) of the Employee

Retirement Income and Security Act of 1974 (hereinafter ERISA).

47. Defendants violated the provisions of Sections 404 (a) and (b) and 406 of the

Employee Retirement Income Security Act of 1974 by engaging in prohibited

transactions by refusing to place employee contributions into the Retirement and

Disability Plans and use employee contributions for the benefit of parties in interest including Defendants Hathaway, BBH Inc. and the owners of Defendant BBH Inc.

48. Defendants Hathaway and BBH Inc. breached their fiduciary and statutory duties under ERISA by failing to place required employee contributions into the Retirement and Disability Plans thereby causing losses to all plan participants from 2009 through the present time and continuing by not following the terms of the summary plan description for the Retirement Plan.

Relief Requested - For the reasons stated, Ms. Mink requests that (a) Defendants Hathaway and BBH Inc. be held to have breached their fiduciary duties with regard to the Retirement and Disability Plans and be required to place all required employee contributions into the Retirement and Disability Plans with required interest; (b) Defendants disgorge any and all employee contributions that they may be holding and have not placed in the Retirement Plan and be placed into the Retirement Plan; (c) the Court award Ms. Mink reasonable attorneys fees and the costs of this action; and (d) the Court enjoin Defendants in the future and require them to place all employee contributions into the Retirement and Disability Plans; (e) the Court certify the instant action for class action purposes so that all plan participants be allowed to join the instant action.

## COUNT FIVE

## RICO VIOLATIONS

49. Plaintiff Mink reincorporates all allegations in the complaint against all Defendants.

50. All named defendants participated in the management and operation of RICO association in fact enterprise in 2009 and 2010 by agreeing to divert and steal employee contributions and not to repay employee contributions to the Retirement Plan in violation of 18 U.S.C Section 664, 18 U.S.C. Section 1961 and in violation of ERISA Section 404 and 406 as set forth previously in the fact section of this complaint.

51. Defendants conducted or participated in the affairs of enterprise as that term is defined in 18 U.S.C. 1962 (c ) and (d) through a pattern of racketeering activity by diverting and stealing employee contributions from the Retirement and Disability Plans through 2009 and 2010 and refusing to repay any of the employee contributions to the Retirement and Disability Plans after 2009.

52. Defendants' scheme and artifice was a pattern of racketeering activity because it is continuing, ongoing into the future without any prospect that they intend to repay the employee contributions to the Retirement and Disability Plans.

53. Plaintiff Mink and all other similarly situated plan participants in the Retirement and Disability Plans were injured in their property as that term is defined under 18 U.S. C. 1964 by Defendants refusal to place their employee contributions in the Retirement and Disability Plans in either 2010 or 2011 and steal the contributions in violation of 18 U.S.C. Section 664.

54. <u>Relief Requested</u> - For the reasons stated, Ms. Mink requests that (a)

Defendants disgorge any and all employee contributions that they may be

holding and have not placed in the Retirement and Disability Plans and be

placed into the Retirement and Disability Plans; (b) that treble damages be

assessed against all Defendants for three times the amount of the employee

contributions that Defendants failed to place in the Retirement and Disability

Plans in 2009 and 2010; (c) the Court award Ms. Mink reasonable attorneys

fees and the costs of this action; and (d) the Court enjoin Defendants in the

future and require them to place all employee contributions into the

Retirement and Disability Plans;  (e) the Court certify the instant action for

class action purposes so that all plan participants be allowed to join the instant

action;

**Richard P. Neuworth (Bar #01052)**
**Stephen B. Lebau (Bar #07258)**
Lebau & Neuworth, L.L.C.
606 Baltimore Avenue –Suite 201
Baltimore, Maryland 21204
(410) 296-3030
(410) 296-8660 (fax)
rn@joblaws.net email
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of July, 2011, I served a copy of the
Complaint on the Honorable Timothy Geithner, 1400 Pennsylvania Avenue, N.W.,
Washington, D.C. 20006 and the Honorable Hilda Solis, 200 Constitution Avenue,
N.W., Washington, D.C. 20210

Richard P. Neuworth