IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

GAIL MINK INDIVIDUALLY
AND ON BEHALF OF
BALTIMORE BEHAVIORAL
HEALTH INC. RETIREMENT
AND DISABILITY PLANS

Robert Ziemski
7300 Marriottsville Road No. 2
Marriottsville, Maryland 21104

**PLAINTIFFS**

V.                                                          CASE NUMBER

Baltimore Behavioral Health Inc.                WDQ-11-01937
SERVE ON
William Hathaway
200 South Arlington Avenue
3rd Floor
Baltimore, Maryland 21223

and

William Hathaway
SERVE AT:
200 South Arlington Avenue
3rd Floor
Baltimore, Maryland 21223

**DEFENDANTS**

\* \* \* \* \* \* \* \* \* \* \*

# COMPLAINT

Now comes, Plaintiff Gail Mink and Plaintiff Robert Ziemski individually for themselves and on behalf of all Plan Participants in various retirement plans sue Defendants for failing to put employee contributions into various Plans in 2009 and 2010, failing to make employee contributions to an employee retirement and disability benefit plan and other important violations of the Employee Retirement Income and Security

Act. Plaintiffs are also bringing a civil action for violations of the Racketeering Influenced Corrupt Organization Act (RICO) for violations of 18 U.S.C. Section 664 and 18 U.S.C. Section 1961, 29 U.S.C. Sections 1104 and 1106.

## STATEMENT OF FACTS RELATED TO THE PENSION CLAIMS

**The Parties**

1. Plaintiff Gail Mink is a citizen and resident of the State of Maryland.
2. Ms. Mink is a plan participant in the Baltimore Behavioral Health "Retirement and Disability Plans" with all other employees who worked for the Baltimore Behavioral Health from the time that she started employment to the present time.
3. Plaintiff Robert Ziemski is a citizen and resident of the State of Maryland.
4. Mr. Ziemski is a plan participant in the Baltimore Behavioral Health "Retirement and Disability Plans" with all other employees who worked for the Baltimore Behavioral Health from the time that he started employment to the present time.
5. There are at least 100 current and former Plan Participants of the Retirement Plan and Disability Plans.
6. The Retirement and Disability Plans were established for the employees working in Maryland and elsewhere.
7. The Retirement Plan is a Section 403 (b) individual account plan as that term is defined under Section 3 (35) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 (34).
8. Defendant William Hathaway (Defendant Hathaway) at all times relevant to this lawsuit was both a Plan Administrator and a trustee of the Retirement and

Disability Plans and a fiduciary to the Retirement and Disability Plans, as set forth in Section 3 (21) of the Employee Retirement Income Security Act of 1974. 29 U.S.C. § 1002(21).

9. Defendant Baltimore Behavioral Health Inc. (hereinafter Defendant BBH Inc.) is an in state corporation located in Maryland doing business in Maryland and other states. Defendant BBH Inc. is a party in interest as that term is defined under ERISA because it is the plan sponsor of the Retirement and Disability Plan.

10. Morris Hill was an owner of Defendant BBH Inc. in 2009 and 2010 and was involved in decisions concerning when Defendant BBH Inc. would pay its indebtedness to the Retirement and Disability Plans for failing to place employee contributions into the Retirement Plan in 2009 and 2010.

11. Sandra Hill was a co-founder and owner of Defendant BBH Inc. in 2009 and 2010 and was involved in decisions concerning when Defendant BBH Inc. would pay its indebtedness to the Retirement and Disability Plans for failing to place employee contributions into the Retirement and Disability Plans in 2009 and 2010.

12. Ms.Mink and Mr. Ziemski bring this lawsuit on their own behalf and on behalf of the Retirement and Disability Plans and all individual plan participants and beneficiaries.

**Facts Establishing Legal Violations Concerning Retirement and Disability Plans**

13. From 2009 until May 2010, Plaintiff Mink and Plaintiff Ziemski and other similarly situated persons made contributions from their paychecks to the Retirement and Disability Plans.

14. Nevertheless, Defendants placed few if any of the required contributions into the Retirement and Disability Plans in both 2009 through May 2010.

15. Defendants were required to place the contributions into the Retirement Plan within seven days because the Retirement Plan was a 403 (b) retirement plan but failed to do so in both 2009 and 2010.

16. Defendants also failed to match employee contributions from 2009 through May 2010 as required under the terms of the Retirement Plan.

17. In 2010, Plaintiff Mink notified the Defendants and advised them that she would take further legal action if the contributions and match were not put into the Retirement and Disability Plans. Defendants made no satisfactory response concerning making the contributions due and owing to the Retirement and Disability Plans.

18. The amounts not contributed into the Retirement and Disability Plans are accordingly due and payable in the amount of at least $5,000 for Plaintiff Mink.

19. The amounts not contributed into the Retirement and Disability Plans are accordingly due and payable in the amount of at least $5,000 for Plaintiff Ziemski.

20. Plaintiffs and counsel have received no actual documentation or other proof that any of the required contributions that should have been made from 2009 and 2010 to the present were subsequently placed into the Retirement Plan.

21. Plaintiff Mink through counsel also sent Freedom of Information Act Requests to the United States Department of Labor to obtain all available Form 5500's that the Retirement Plan had previously filed with the Internal Revenue Service.

22. Plaintiff Mink was advised by employees of the United States Department of Labor that the Retirement Plan had not filed a Form 5500 since 2008.

23. Plaintiffs have never received required documents under the Employee Retirement Income Security Act from the Retirement and Disability Plans from 2009 and 2010 to the present demonstrating that required contributions were actually placed into the Retirement or Disability Plans even though they received quarterly statements from the Retirement Plan to the present.

24. Plaintiffs allege that Defendants have made few if any contributions to the Retirement and Disability Plans since the beginning of 2009 through May 2010.

25. Defendants did not disclose to Plan Participants, including Plaintiffs, that they were not making contributions to the Retirement and Disability Plans. In fact, the Defendants attempted to conceal and hide their misconduct by failing to file the required Form 5500's with the Internal Revenue Service as alleged in the Complaint.

26. Plaintiffs and other plan participants in the Retirement and Disability Plans suffered further financial losses from 2009 to the present, by Defendants failing to prudently invest the required contributions, failing to diversify the required

contributions to the Retirement Plan from 2009 to the present, and failing to invest the required contributions based on the terms of the required plan document for either the Retirement or Disability Plans.

27. Plaintiffs and other plan participants in the Retirement and Disability Plans suffered further losses regarding their eventual benefits that they would be entitled to at retirement or if they became disabled by Defendants' failure to make the required contributions to the Retirement and Disability Plans from 2009 to the present.

**FACTS RELATED TO THE RICO VIOLATIONS**

28. Defendant Hathaway acting in combination with the other individuals starting in 2009 diverted and stole employee contributions owed to the Retirement and Disability Plans that violated 18 U.S.C. Section 664 and were predicate acts under 18 U.S.C. Section 1961 and also in violation of ERISA Sections 404 (a) and (b) and 406 to pay other expenses of Defendant BBH Inc.

29. Defendant Hathaway as Plan Administrator of the Retirement Plan agreed in combination with the other unknown individuals to allow employee contributions to the Retirement and Disability Plans to be diverted and stolen in violation of 18 U.S.C. Section 664 and are predicate acts under 18 U.S.C. Section 1961 as well as ERISA Sections 404 (a) and (b) and 406 to pay other expenses of Defendant BBH Inc. and refused to pay back the employee contributions to the Retirement and Disability Plans from 2009 to the present time.

30. Mr. and Ms. Hill in 2009 and later in 2010 as owner of Defendant BBH Inc. participated in decisions not to pay back employee contributions to the Retirement and Disability Plans with Defendant Hathaway that were diverted and stolen in violation of 18 U.S.C. Section 664 and predicate acts in violation of 18 U.S.C. Section 1961 due and owing for both 2009 and 2010 and instead keep the money for use by BBH Inc. to pay tax obligations and other incidental expenses.

31. The victims that were defrauded by the individual named Defendant were all employees of BBH Inc. that had employee contributions to the Retirement and Disability Plans diverted and stolen in violation of 18 U.S.C. Section 664 and predicate acts under 18 U.S.C. Section 1961 from the Retirement and Disability Plan to the Defendant BBH Inc. in 2009 and 2010 and the employee contributions were never repaid to the Retirement and Disability Plan. All plan participants suffered substantial financial losses in both 2009 and 2010 as a result of the diversion and theft of employee contributions that should have been placed in the Retirement and Disability Plans.

32. The victims' contributions to the Retirement and Disability Plans came out of their regular paychecks for various pay periods in 2009 through May 2010 that were repeatedly diverted and stolen in violation of 18 U.S.C. Section 664 and were predicate acts under 18 U.S.C. Section 1961.

33. The specific time, place and manner of the mail and wire theft in violation of 18 U.S.C. Section 664 and predicate acts under 18 U.S.C. Section 1961 were carried out by the Defendants by not sending employee contributions prepared as

part of employee paychecks to the third party administrator holding all assets in the Retirement Plan and insurance company for the long term disability benefits in 2009 and 2010.

34. The enterprise in this case was an association in fact enterprise as that term is defined in RICO and includes all of the named Defendants, all of whom acted in concert and managed and directed the enterprise whose purpose was to divert, defraud and steal employee contributions from the Retirement and Disability Plans beginning in 2009 to the present and continuing in violation of 18 U.S.C. Section 664 and were predicate acts under 18 U.S.C. Section 1961 and use the employee contributions for other improper purposes.

35. The structure of the enterprise included the individual named Defendant, and Mr. and Ms. Hill that were either corporate executives or owners of Defendant BBH Inc in 2009 and 2010 and they exercised complete control over both the financial affairs of Defendant BBH Inc. and the Retirement and Disability Plan.

36. The course of conduct engaged in by the named Defendants in the RICO enterprise was to steal and misuse employee contributions, misstate and misrepresent to all Plan Participants in the Retirement and Disability Plans, the United States Department of Labor and the undersigned counsel by mail, electronic mail and telephone that all required employee contributions would be made and/or paid back for 2009 and 2010 when in fact the individual named defendant and Mr. and Ms. Hill have repeatedly refused to do so. Defendant Hathaway, as Plan Administrator of the Retirement Plan, has refused to file Form 5500's under penalties of perjury with the United States Department of

Labor for either 2009 and 2010 that would identify the losses that the Retirement Plan has sustained for those years for Defendants failure to make and/or repay the employee contributions from either 2009 or 2010.

37. Mr. and Ms. Hill participated and were involved in Defendant Hathaway's breach of fiduciary duty by participating in prohibited transactions in violation of ERISA Section 404 and 406 by not placing the employee contributions in the Retirement and Disability Plans in 2009 and 2010.

Relief Requested - For the reasons stated, Plaintiffs request that (a) Defendants Hathaway and BBH Inc. be held to have breached their fiduciary duties with regard to the Retirement and Disability Plans and be required to place all required employee contributions into the Retirement and Disability Plans with required interest; (b) Defendants disgorge any and all employee contributions that they may be holding and have not placed in the into the Retirement and Disability Plans; (c) the Court award Plaintiffs reasonable attorneys fees and the costs of this action; and (d) the Court enjoin Defendants in the future and require them to place all employee contributions into the Retirement and Disability Plans; (e) the Court certify the instant action for class action purposes so that all plan participants be allowed to join the instant action.

## COUNT TWO
## FAILURE TO MAKE PRUDENT INVESTMENTS

38. All allegations of this Complaint are expressly incorporated into and made a part of Count Two.

39. This Count is brought pursuant to Section 502 (a) 2 of ERISA.

40. From 2009 to the present, investment decisions concerning the Retirement Plan were made and/or approved by Defendant Hathaway and BBH Inc.

41. From 2009 to the present and continuing, Defendant Hathaway breached his fiduciary duty to Plaintiffs and other plan participants by failing to invest plan assets (required employee contributions) that were furnished to them from 2009 through the present and continuing in violation of Section 404 of the Employee Retirement Income Security Act of 1974, 29 U.S. C. § 404 and 406, resulting in substantial losses to the Retirement Plan.

42. Defendants did not take into appropriate consideration the possible risk of loss to the Retirement and Disability Plans by their failure to invest required employee contributions from 2009 to the present and continuing or the required match by Defendant BBH Inc..

Relief Requested:  Plaintiffs request that (a) Defendants Hathaway and BBH Inc. be required to reimburse the Retirement and Disability Plans for all losses as a result of their failure to invest the employee contributions from 2009 to the present with interest; (b) the Court award Plaintiffs reasonable attorneys fees and the costs of this action; (c) the Court require Defendants Hathaway and BBH Inc. to prudently invest all employee contributions that they are furnished by plan participants; (d) the Court certify the instant action for class action purposes so that all plan participants in the Retirement Plan can join the instant action.

### COUNT THREE
### (FAILURE TO PROPERLY DIVERSIFY PLAN ASSETS BY NOT PLACING EMPLOYEE CONTRIBUTIONS INTO

A RETIREMENT PLAN)

43. All allegations of this Complaint are expressly incorporated into and made a part of Count Three.

44. This Count is brought pursuant to Section 502 (a) 2 of ERISA.

45. From 2009 to the present, investment decisions concerning the Retirement Plan were made and/or approved by Defendants Hathaway and BBH Inc and Mr. and Ms. Hill.

46. From 2009 to the present and continuing, Defendants Hathaway and BBH Inc. breached their fiduciary duty to Plaintiffs and other plan participants by failing to diversify plan assets (required employee contributions) that were furnished to them from 2009 through the present and continuing in violation of Section 404 of the Employee Retirement Income Security Act of 1974, 29 U.S. C. § 404 and 406, resulting in substantial losses to the Retirement Plan.

47. Defendants Hathway and BBH Inc. did not take into appropriate consideration the possible risk of loss to the Retirement Plan by their failure to diversify required employee contributions from 2009 to the present and continuing.
Relief Requested:  Plaintiffs request that (a) Defendants Hathaway and BBH Inc. be required to reimburse the Retirement Plan for all losses as a result of their failure to diversify the employee contributions from 2009 to the present with interest; (b) the Court award Plaintiffs reasonable attorneys fees and the costs of this action; (c) the Court require Defendants Hathaway and BBH Inc. to diversify all employee contributions that they are furnished by plan participants;

(d) the Court certify the instant action for class action purposes so that all plan participants in the Retirement Plan can join the instant action.

## COUNT FOUR
### (FAILING TO PLACE REQUIRED CONTRIBUTIONS IN THE RETIREMENT AND DISABILITY PLANS BASED ON THE PLAN DOCUMENT AND SUMMARY PLAN DESCRIPTION)

48. All of the allegations in the Complaint are expressly incorporated into this Count of the Complaint.

49. This Count is brought pursuant to Section 502(a) (2) and (3) of the Employee Retirement Income and Security Act of 1974 (hereinafter ERISA).

50. Defendants violated the provisions of Sections 404 (a) and (b) and 406 of the Employee Retirement Income Security Act of 1974 by engaging in prohibited transactions by refusing to place employee contributions into the Retirement and Disability Plans and use employee contributions for the benefit of parties in interest including Defendants Hathaway, BBH Inc. and the owners of Defendant BBH Inc.

51. Defendants Hathaway and BBH Inc. breached their fiduciary and statutory duties under ERISA by failing to place required employee contributions into the Retirement and Disability Plans thereby causing losses to all plan participants from 2009 through the present time and continuing by not following the terms of the summary plan description for the Retirement Plan.

Relief Requested - For the reasons stated, Plaintiffs request that (a) Defendants Hathaway and BBH Inc. be held to have breached their fiduciary duties with regard to the Retirement and Disability Plans and be required to place all required

employee contributions into the Retirement and Disability Plans with required interest; (b) Defendants disgorge any and all employee contributions that they may be holding and have not placed in the Retirement Plan and be placed into the Retirement Plan; (c) the Court award Plaintiffs reasonable attorneys fees and the costs of this action; and (d) the Court enjoin Defendants in the future and require them to place all employee contributions into the Retirement and Disability Plans; (e) the Court certify the instant action for class action purposes so that all plan participants be allowed to join the instant action.

## COUNT FIVE
## RICO VIOLATIONS

52. Plaintiffs reincorporate all allegations in the complaint against all Defendants.

53. All named defendants participated in the management and operation of RICO association in fact enterprise in 2009 and 2010 by agreeing to divert and steal employee contributions and not to repay employee contributions to the Retirement Plan in violation of 18 U.S.C Section 664, 18 U.S.C. Section 1961 and in violation of ERISA Section 404 and 406 as set forth previously in the fact section of this complaint.

54. Defendants conducted or participated in the affairs of enterprise as that term is defined in 18 U.S.C. 1962 (c) and (d) through a pattern of racketeering activity by diverting and stealing employee contributions from the Retirement and Disability Plans through 2009 and 2010 and refusing to repay any of the employee contributions to the Retirement and Disability Plans after 2009.

55. Defendants' scheme and artifice was a pattern of racketeering activity because it is continuing, ongoing into the future without any prospect that they intend to repay the employee contributions to the Retirement and Disability Plans.

56. Plaintiffs and all other similarly situated plan participants in the Retirement and Disability Plans were injured in their property as that term is defined under 18 U.S. C. 1964 by Defendants refusal to place their employee contributions in the Retirement and Disability Plans in either 2010 or 2011 and steal the contributions in violation of 18 U.S.C. Section 664.

57. <u>Relief Requested</u> - For the reasons stated, Plaintiffs request that (a) Defendants disgorge any and all employee contributions that they may be holding and have not placed in the Retirement and Disability Plans and be placed into the Retirement and Disability Plans; (b) that treble damages be assessed against all Defendants for three times the amount of the employee contributions that Defendants failed to place in the Retirement and Disability Plans in 2009 and 2010; (c) the Court award Plaintiffs reasonable attorneys fees and the costs of this action; and (d) the Court enjoin Defendants in the future and require them to place all employee contributions into the Retirement and Disability Plans; (e) the Court certify the instant action for class action purposes so that all plan participants be allowed to join the instant action.

/s/ Richard P. Neuworth
/s/ Stephen B. Lebau

Richard P. Neuworth (Bar #01052)
Stephen B. Lebau (Bar #07258)
Lebau & Neuworth, L.L.C.
606 Baltimore Avenue –Suite 201
Baltimore, Maryland 21204

(410) 296-3030  
(410) 296-8660 (fax)  
rn@joblaws.net email  
Attorneys for Plaintiffs

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of October, 2011, I served a copy of the Amended Complaint on the Honorable Timothy Geithner, 1400 Pennsylvania Avenue, N.W., Washington, D.C. 20006 and the Honorable Hilda Solis, 200 Constitution Avenue, N.W., Washington, D.C. 20210 and by hand-delivery on the following Defendants

William Chris Hathaway  
Baltimore Behavioral Health Inc.  
200 S. Arlington Avenue – 3rd Floor  
Baltimore, Maryland 21223

*/s/ Richard P. Neuworth*  
**Richard P. Neuworth**