**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division of Maryland)**

| | | |
|---|---|---|
| **GAIL MINK, et al.** | * | |
| **PLAINTIFFS** | * | |
| | * | |
| v. | * | **Civil Action Number: WDQ-11-01937** |
| | * | |
| **BALTIMORE BEHAVIORAL** | * | |
| **HEALTH, INC., et al.** | * | |
| **DEFENDANTS** | * | |

**PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATIONS**

Now comes, Plaintiffs, pursuant to Federal Rule of Civil Procedure 72, who respectfully file the following objection to Magistrate Gauvey's report and recommendations dated December 4, 2012 and for the reasons stated as follows:

## I. RELEVANT BACKGROUND

Plaintiffs do not object to the Magistrate's report and recommendation concerning the ERISA counts and monetary damages awarded included prejudgment and post-judgment interest. Magistrate Judge Gauvey also opined that Plaintiffs should "promptly" file their petition for attorneys fees. On December 13, 2012, Plaintiffs filed their fee petition promptly. Plaintiffs' principal objection is to the refusal to treble the damages owed to all plan participants based on RIC

## II. PLAINTIFFS CONTEND THAT THE COURT DID NOT ANALYZE ALL FACTORS IN DETERMINING THAT THERE WAS NO RICO VIOLATION

Magistrate Gauvey, in her report and recommendation, acknowledges that Defendants' misconduct was "serious". In fact, her report and recommendation specifically suggests that Defendants could possibly have been criminally prosecuted under the RICO statute for their misdeeds, citing case law from this Circuit. Surprisingly, despite this acknowledgment that Defendants could have been criminally prosecuted for their serious misconduct, the report and recommendation refuses to assess civil liability under the same RICO statute even though the burden is lower for establishing civil liability.

Plaintiffs submit that Defendants' misconduct was not just limited to stealing monies designated for the retirement plan over a seven month period. Defendants were legally obligated to file continuing reports related to the retirement plan under penalties of perjury with both the Internal Revenue Service and the United States Department of Labor. The required reports included Form 5500's with the United States Department of Labor in 2010, 2011 and 2012. (See Amended Complaint paragraphs 21-23). In addition, Form 990's had to be filed with the Internal Revenue Service for 2010, 2011 and 2012. Defendants never filed the reports to conceal their misconduct that they had engaged in both 2009 and 2010. Thus, the scheme was not limited to seven months but continued for several years with additional acts of criminal misconduct by failing to disclose the thefts of Plaintiffs' retirement funds and filing required forms under penalties of perjury.

Plaintiffs also submit that the report and recommendation did not contain the appropriate six factor test for determining whether or not Plaintiffs satisfied the pattern requirement. The Fourth Circuit in *Brandenburg v. Seidel*, 859 F. 2d 1179, 1185 (4th Circuit 1988) adopted a test similar to the six factor test in *Morgan v. Bank of Waukegon*, 804 F. 2d 970 (7th Cir. 1986). See also, *Barticheck v. Fidelity Union,* 832 F. 2d. 36, 38-9 (3rd Cir. 1989); *Fleischhauer*

*v. Feltner* ,879 F. 2d 1294, 1297-98 (6th Cir. 1986)).

The six factors include the following (1) the number of predicate acts; (2) the variety of predicate acts; (3) the length of time within which the predicate acts were committed; (4) the number of victims; (5) the existence of separate schemes; (6) the occurrence of distinct injuries. None of these six factors were contained in the report and recommendation.

There were more than 50 victims that had monies designated for the retirement plan that was stolen by Defendants. Plaintiffs did prove distinct injuries as noted in the report and recommendation including the monetary judgments. There were at least fourteen predicate acts from October 2009 until May 1, 2010 when monies were diverted from Plaintiffs paychecks designated from the retirement plan to Defendants. Plaintiffs submit that by satisfying these specific factors that the Court should enter judgment on the RICO count for Plaintiffs. The predicate acts did not just end with the thefts in May 2010. It continued based on Defendants refusal to acknowledge on required forms or even submit the required for several years that they had improperly taken the funds from Plaintiffs and/or that the proceeds were never sent to the retirements plans.

Nevertheless, the Fourth Circuit in *Brandenbur*g supra specifically cited two separate decisions from the Seventh Circuit with approval that involved RICO misconduct that lasted for periods of less than one year that resulted in a finding of RICO liability. See, *Liquid Air Company v. Rogers* 834 F. 2d. 1297, 1304 05 (7th Cir. 1987) and *Illinois Department of Revenue v. Phillips* 771 F. 2d. 312, 313 (7th Cir. 1985).

## III. PRIVATE CIVIL RICO TREBLE DAMAGE ACTIONS HAVE BEEN BROUGHT IN AN EMPLOYEE BENEFIT CONTEXT

During the proceedings before Magistrate Judge Gauvey, Plaintiffs were requested to brief issues concerning RICO. (Docket Entry 23). However, no briefing was requested

based on the RICO issues upon which Magistrate Gauvey issued her opinion denying civil liability based on the pattern requirement.

Private civil RICO treble damage actions have been brought repeatedly in the context of ERISA employee benefit contexts. The Court is directed to the following cases:

- RICO treble damages granted where suit brought to recover plan assets embezzled by trustees as in the context of this case. *Crawford v. La Boucherie, Ltd.* 815 F. 2d 117 (D.C. Cir. 1984).

- RICO treble damages granted where suit brought where employees deprived of benefits as in this case. *McLendon v. Continental Group Inc.*, 602 F. Supp. 1492 (D. N. J. 1985).

- RICO treble damages were granted to remedy an employer's fraudulent concealment of the existence of a more generous pension plan from employees induced to retire early. *Saporito v. Combustion Eng'g Inc.,* 843 F. 2d 666 (3rd Cir. 1988).

- RICO treble damages were granted to impose a constructive trust on pension assets wrongfully transferred as in the instant case. *Pension Fund-Mid-Jersey Trucking Indus. v. Omni Funding Group,* 687 F. Supp 962 (D. N.J. 1988).

- RICO treble damages were granted to remedy a fraud by insurance companies against plans. *Walker v. Aetna Life Ins. Co.* 1988 WL 46635 (N.D. Ill. 1988).

- RICO treble damages were granted to remedy fraud by fund trustees and employers to deprive the funds of contributions on behalf nonunion workers. *Diduck v. Kaszycki & Sons. Contractors, Inc.* 874 F. 2d (3rd Cir. 1989)

*See generally*, American Bar Association, Labor and Employment Section, Employee Benefits Law – Second Edition at p. 1114-1115.

## IV. CONCLUSION

For all of the above reasons, Plaintiffs respectfully request that this Court:

1. Enter judgment in the amounts previously awarded in the Magistrate's report and recommendation concerning the ERISA counts.

2. Award treble damages based on Count V of the Amended Complaint concerning RICO.

3. Award attorneys fees previously requested.

Respectfully submitted,

Richard P. Neuworth
Lebau and Neuworth, LLC
606 Baltimore Avenue #201
Towson, Maryland 21204
(410) 296-3030
(410) 296-3030
Attorneys for Plaintiffs