IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GAIL MINK, et al

    Plaintiffs,

    v.                                CIVIL NO.: WDQ-11-1937

BALTIMORE BEHAVIORAL HEALTH, INC.
et al.

    Defendants.

## MEMORANDUM OPINION

Gail Mink and Robert Ziemski,[1] individually and on behalf of other participants in retirement and disability plans ("collectively the "plaintiffs") sued Baltimore Behavioral Health, Inc. ("BBH") and William Hathaway for violations of the Employee Retirement Income Security Act ("ERISA")[2] and the Racketeering Influenced Corrupt Organizations Act ("RICO").[3] Pending are the plaintiffs' objection to the Magistrate Judge's Report and Recommendation ("R&R") on Mink's motion for default judgment. Also pending is the plaintiffs' motion for attorneys'

---

[1] The docket does not currently identify Ziemski as a named plaintiff. The Clerk of the Court will be directed to amend the docket.

[2] 29 U.S.C. §§ 1001 et seq.

[3] 18 U.S.C. §§ 1961 et seq.

fees. For the following reasons, the objection will be overruled; the motion for attorneys' fees will be granted.

I.   Background[4]

The plaintiffs are members of the BBH Retirement and Disability Plans ("the Plans"), which were sponsored by BBH. ECF No. 4 ¶¶ 2, 4, 9. From 2009 to May 2010, the plaintiffs made contributions from their pay to the Plans, but the defendants failed to deposit the contributions and employer matches into the Plans.[5]  *Id.* ¶¶ 14, 16; ECF Nos. 18-2 ¶ 8, 18-5 ¶¶ 10-13. The defendants used the funds to pay taxes and other expenses. ECF No. 4 ¶¶ 28, 30. The defendants have not filed proper documentation with the Department of Labor since 2008. *Id.* ¶ 22.

On July 14, 2011, Mink filed suit on behalf of the Plans against BBH and Hathaway. ECF No. 1. On October 3, 2011, she amended the complaint, joining Ziemski as a named plaintiff. ECF No. 4. The amended complaint sought damages and injunctive relief for (1) failing to make prudent investments, (2) failing to properly diversify, (3) failing to place contributions in the

---

[4] In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations are accepted as true as to liability. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). Additional facts are drawn from affidavits and other documents submitted for the motion for default judgment.

[5] The defendants did make two contributions on August 4, 2010 for September 11 and September 25, 2009 payrolls. ECF No. 18-2 ¶ 8.

Plans, and (4) civil RICO violations. *Id.* On January 3, 2012, the Clerk of the Court entered default against the defendants. ECF No. 12. On March 30, 2012, the plaintiffs moved for default judgment.[6] ECF No. 18.

On April 3, 2012, the motion for default judgment was referred to U.S. Magistrate Judge Susan K. Gauvey. ECF No. 19. On June 11, 2012, the plaintiffs submitted a damages chart detailing the missing contributions for over 60 employees. ECF No. 20-1. On November 29, 2012, the Magistrate Judge held a hearing on damages. *See Docket*. On December 4, 2012, the Magistrate Judge issued a report and recommendation ("R&R") recommending that the plaintiffs' motion be granted in part and denied in part. ECF No. 33. She recommended that: the motion be granted as to failing to deposit the required amounts into the Plans, but denied as to the other claims; the plaintiffs be awarded $49,290.62 plus pre- and post-judgment interest; the defendants be enjoined from wrongfully diverting employee

---

[6] Two of the documents submitted with the motion contain the Social Security and account numbers of numerous persons--some of whom are not plaintiffs because their employment was terminated before the defendants failed to make the contributions--in violation of Fed. R. Civ. P. 5.2(a) and the Court's Privacy Policy (Nov. 10, 2004). *See* ECF Nos. 18-3, 18-4. The Court cautions the parties that they risk sanctions for continued failure to redact. Because some of these people are not plaintiffs and the scope of the information is great, the Clerk of the Court will be directed to seal these documents.

contributions; and reasonable attorneys' fees be granted if the plaintiffs submit proper documentation. ECF No. 33 at 20-21.

On December 13, 2012, the plaintiffs moved for $28,813.00 in attorneys' fees for work performed by Richard Neuworth, Esquire, Lucy Hirsch, Esquire, Michael Melick, Esquire, and Diane Eisemann.[7] ECF No. 34 at 13. On December 18, 2012, the plaintiffs objected to the R&R, asserting that they are entitled to judgment on the RICO claim and treble damages. ECF No. 35.

II. Analysis

   A. Default Judgment

      1. Legal Standard

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b) (D. Md. 2011). A motion for default judgment is a dispositive motion for purposes of the Magistrate Judges Act. *See Callier v. Gray*, 167 F.3d 977, 980–82 (6th Cir. 1999); *see also* Local Rule 301.6.a1 (D. Md. 2011).

---

[7] Neuworth is an experienced ERISA litigator, and has been a member of the bar for over 30 years. ECF No. 34-1 ¶¶ 2, 4. Hirsch has been a member of the bar for about three years and has practiced ERISA for a year and a half. ECF No. 34-3 ¶¶ 3-4. Melnick has practiced ERISA law for about three years. ECF No. 34-2 ¶ 3. Eisemann is an administrative assistant; fees are sought only for her paralegal work. ECF No. 34-1 ¶ 19(c).

A party aggrieved by a magistrate judge's R&R on a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2). The reviewing judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Arguments raised for the first time in an objection to an R&R are waived. *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The Court will not conduct *de novo* review based on "objections to strictly legal issues" when "no factual issues are challenged." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).[8] Further, the "Court will reject" an objection that neither conducts "statutory analysis nor cites case law in support."[9]

---

[8] *See also Hunt v. Rushton*, 33 F. App'x 83, 83 (4th Cir. 2002) (per curiam) ("[A] litigant may forfeit the right to de novo review if . . . the objections are to strictly legal issues and no factual issues are challenged."); *Keeler v. Pea*, 782 F. Supp. 42, 45 (D.S.C. 1992) (objection to a legal conclusion was not entitled to *de novo* review).

[9] *United States v. O'Neill*, 52 F. Supp. 2d 954, 967 (E.D. Wis. 1999); *cf. Farmer v. McBride*, 177 F. App'x 327, 331 (4th Cir. 2006) (per curiam) (district court need not review "general and

5

Under Fed. R. Civ. P. 55(b)(2), the Court may enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. In reviewing a motion for entry of a default judgment, the plaintiff's well-pled allegations about liability are accepted as true. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001). However, the court must determine whether these unchallenged factual allegations demonstrate a legitimate cause of action. *Id.* If liability is established, the court must make an independent determination of damages and will not simply accept the damages allegations as true. *E.g., Credit Lyonnais Secs. (USA), Inc. v. Alcantara*, 183 F.3d 151, 154 (2d Cir. 1999).

The entry of a default judgment is left to the court's discretion, and the Fourth Circuit has a "strong policy" that "cases be decided on the merits." *Dow v. Jones*, 232 F. Supp. 2d 491, 494-95 (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)).

2. Civil RICO

The plaintiffs object that the Magistrate Judge improperly recommended denying their RICO claim. ECF No. 35.

A plaintiff may bring a civil action for treble damages for a violation of RICO. 18 U.S.C. 1964(c). Theft or embezzlement

---

conclusory objections that do not direct the court to a specific error" (internal quotation marks omitted)).

from a plan subject to ERISA is a predicate offense for a RICO violation. 18 U.S.C. §§ 664, 1961(1), 1962. The elements of a civil RICO claim are "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985) (footnote call omitted).

The pattern element requires the establishment of "a threat of continued racketeering activity [that] depends on the specific facts of each case." *H.J. Inc. v. Nw. Bell Telephone Co.*, 492 U.S. 229, 242 (1989). "Relevant factors include the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries."[10] "These factors are not exclusive, and no one of them is necessarily determinative; instead a carefully considered judgment taking into account all the facts and circumstances of the particular case," particularly the context, is required. *Brandenburg*, 859 F.2d at 1185.

The plaintiffs contend that the Magistrate Judge failed to apply the *Morgan/Brandenburg* test to find the pattern. ECF No. 35 at 2-3. The plaintiffs assert that there was a pattern

---

[10] *Morgan v. Bank of Waukegan*, 804 F.2d 970, 975 (7th Cir. 1986) (cited in *Whitney, Bradley & Brown, Inc. v. Kammermann*, 436 F. App'x 257, 259 (4th Cir. 2011) (per curiam); *Brandenburg v. Seidel*, 859 F.2d 1179, 1185 (4th Cir. 1988)).

because there were more than 50 victims, distinct injuries, and at least fourteen predicate acts. *Id.* at 3. Further, they claim that the predicate acts continued with the defendants' refusal to file forms concerning the diversion of funds. *Id.*

Under the *Morgan/Brandenburg* factors, the defendants' actions were not a pattern under RICO. The defendants' diversion of the ERISA funds was a single scheme over a relatively short time. The predicate acts were all of the same character: misappropriating and not depositing a relatively small amount of funds. The Court agrees with the Magistrate Judge that this case "does not resemble the sort of extended, widespread, or particularly dangerous pattern of racketeering" that is subject to RICO penalties. *Flip Mortg. Corp. v. McElhone*, 841 F.2d 531, 538 (4th Cir. 1988); *see* ECF No. 33 at 12. Despite the diversion of funds, the defendants' conduct is not that "whose scope and persistence pose a special threat to social well-being."[11]   *GE Inv. Private Placement Partners II v.*

---

[11] In support of their objection, the plaintiffs cite six opinions in which they claim that ERISA plaintiffs were granted civil RICO treble damages. ECF No. 35 at 4. In only one, however, were treble damages actually granted on ERISA claims. *See Crawford v. La Boucherie Bernard Ltd.*, 815 F.2d 117, 122-23 (D.C. Cir. 1987) (holding that district court properly applied RICO treble damages award); *cf. Diduck v. Kaszycki & Sons Contractors, Inc.*, 874 F.2d 912, 918-919 (2d Cir. 1989) (reversing dismissal of RICO claim in light of recent en banc decision), *on remand* 737 F. Supp. 792 (S.D.N.Y. 1990) (dismissing RICO claims for lack of standing); *Saporito v. Combustion Eng'g, Inc.*, 843 F.2d 666 (3d Cir. 1988), *vacated by*

*Parker*, 247 F.3d 543, 551 (4th Cir. 2001) (internal quotation marks omitted). The objection will be overruled, and the R&R will be adopted.

   C.   Attorneys' Fees

The plaintiffs seek attorneys' fees and claim that they are entitled to $28,813.00. ECF No. 34 at 13. The Magistrate Judge has recommended that the plaintiffs are entitled to reasonable attorneys' fees, and the Court will adopt that recommendation.

In deciding what constitutes reasonable hours and rates, courts consider: (1) time and labor expended; (2) the novelty and difficulty of the questions raised; (3) skill required; (4) the attorney's opportunity costs in bringing the litigation; (5) the customary fee for similar work; (6) the attorney's expectations at the start of the litigation; (7) time limitations imposed; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of

---

489 U.S. 1049 (1989) (reversing dismissal of RICO count); *McLendon v. Cont. Grp. Inc.*, 602 F. Supp. 1492, 1509 (D.N.J. 1985) (ordering amendment of RICO claim predicated on mail and wire fraud claims based on ERISA violations; for ultimate settlement, see 802 F. Supp. 1216 (D.N.J. 1992)); *Pension Fund-Mid-Jersey Trucking Indus. v. Omni Funding Grp.*, 687 F. Supp. 962, 963-965 (D.N.J. 1988) (refusing to dismiss as time-barred); *Walker v. Aetna Life Ins. Co.*, No. 87C868, 1988 WL 46635 (N.D. Ill. 1988) (ordering rebriefing of limitations period on RICO claim). Although the details of *Crawford* are sparse, over $600,000 was transferred out of the plan over four years. See *Crawford*, 815 F.2d at 118. Further, it appears that the defendants did not dispute the pattern of element of the RICO claim, and the case was decided before *H.J. Inc.* See *id.* at 122-23.

the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorney fee awards in similar cases. *Brodziak v. Runyon*, 145 F.3d 194 (4th Cir. 1998); *see also EEOC v. Service News Co.*, 898 F.2d 958, 965 (4th Cir. 1990); *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n. 28 (4th Cir. 1978).

The plaintiffs request fees totaling $28,813.00:

| Person | Hours | Rate/hour | Total fees |
|---|---|---|---|
| Richard Neuworth | 19.80 | $450.00 | $8910.00 |
| Lucy Hirsch | 98.30 | $190.00 | $18,677.00 |
| Michael Melick | 2.70 | $190.00 | $513.00 |
| Diane Eisemann | 6.20 | $115.00 | $713.00 |

ECF No. 34 at 13.

Neuworth is an experienced ERISA litigator, and has been a member of the bar for over 30 years. ECF No. 34-1 ¶¶ 2, 4. Hirsch has been a member of the bar for about three years and has practiced ERISA for one and a half years. ECF No. 34-3 ¶¶ 3-4. Melnick has practiced ERISA law for about three years. ECF No. 34-2 ¶ 3. Eisemann is an administrative assistant; fees are sought only for her paralegal work. ECF No. 34-1 ¶ 19(c).

The rates sought for Hirsch, Melick, and Eisemann are at the top of the guideline ranges in the local rules. Local Rule Appendix B.3.a, e. Neuworth seeks $450 per hour, which exceeds

the guideline range of $275-400 for lawyers admitted to the bar for 15 or more years. See id. B.3.d.

Neuworth asserts that the Appendix B guideline rights do not accurately reflect the current ERISA market rate. ECF No. 34-1 ¶ 21. He has not provided any substantive information on the prevailing rates in the local marketplace, but cites a 2005 case awarding $400 per hour for partner work, and a 2003 case awarding $300 per hour.[12] ECF No. 34-1 ¶ 21; see Jani v. Bert Bell/Pete Rozelle NFL Player Ret. Plan, 2005 WL 1115250, No. WDQ-04-1606 (D. Md. Apr. 26, 2005); Smith v. Cont. Cas. Co., 289 F. Supp. 2d 706 (D. Md. 2003), vacated on other grounds, 359 F.3d 412 (4th Cir. 2004). Neuworth has not indicated any later information about recent inflation or the actual prevailing rate in the marketplace. Accordingly, $400 per hour is appropriate for Neuworth's compensation.

Additionally, the table provided of the hour calculations is incorrect. Neuworth is assigned 0.2 hours of motions practice time that the logs attribute to Hirsch. The remainder of the requests for attorneys' fees appears reasonable given the

---

[12] Neuworth also asserts that the 2007 proposed amendments to Appendix B properly reflects the market rate. ECF No. 34-1 ¶ 21. He states that "[t]he proposed 2007 draft for attorney fees are more consistent with the market community of the applicable market rate for ERISA attorney fees." Id. It is not clear to what Neuworth refers. The proposed 2007 amendments that were adopted by the Court added the "fifteen years of more" category along with the current rates.

11

number of plaintiffs involved, the experience of the professionals, and the protracted procedural history of the motion for default judgment.

Accordingly, the award of attorneys' fees will be:

| Person | Hours | Rate/hour | Total fees |
|---|---|---|---|
| Richard Neuworth | 19.60 | $400.00 | $7840.00 |
| Lucy Hirsch | 98.50 | $190.00 | $18,715.00 |
| Michael Melick | 2.70 | $190.00 | $513.00 |
| Diane Eisemann | 6.20 | $115.00 | $713.00 |

for a total of $27,781. The motion for attorneys' fees will be granted.

III. Conclusion

For the reasons stated above, the plaintiffs' objection will be overruled. The motion for attorneys' fees will be granted.

3/21/13
Date

William D. Quarles, Jr.
United States District Judge