IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

GAIL MINK, et al.,

    Plaintiffs,

    v.                          CIVIL NO.: WDQ-11-1937

BALTIMORE BEHAVIORAL HEALTH, INC.
et al.,

    Defendants.

MEMORANDUM OPINION

Gail Mink and Robert Ziemski, individually and on behalf of other participants in retirement and disability plans, (collectively, the "Plaintiffs") obtained a default judgment against Baltimore Behavioral Health, Inc. ("BBH") and William Hathaway for violations of the Employee Retirement Income Security Act ("ERISA").[1] Pending is BBH's Trustee's motion to reopen the case and vacate the judgment against BBH. Also pending is the Plaintiffs' motion to annul the stay. For the following reasons, the Trustee's motion will be granted, and the Plaintiffs' motion will be denied.

---

[1] 29 U.S.C. §§ 1001 et seq.

I.   Background[2]

The Plaintiffs are members of the BBH Retirement and Disability Plans ("the Plans"), which were sponsored by BBH. ECF No. 4 ¶¶ 2, 4, 9. On July 14, 2011, Mink filed suit on behalf of the Plans against BBH and Hathaway for failure to deposit contributions and employer matches into the Plans. ECF No. 1. On October 3, 2011, she amended the complaint, joining Ziemski as a named Plaintiff. ECF No. 4. On January 3, 2012, the Clerk of the Court entered default against the Defendants. ECF No. 12. On December 4, 2012, U.S. Magistrate Judge Susan K. Gauvey issued a report and recommendation ("R&R") on the Plaintiffs' motion for default judgment. ECF No. 33.

On December 28, 2012, BBH filed a voluntary petition for Chapter 11 bankruptcy. No. 12-32919 (Bankr. D. Md.). On February 26, 2013, Mark J. Friedman, Esquire, was appointed Trustee. *Id.*, ECF No. 61. On March 22, 2013, this Court adopted the R&R, overruled the Plaintiffs' objections, granted the Plaintiffs' motion for attorney fees, and entered judgment against BBH and Hathaway. ECF No. 37.

It appears that BBH never told the Plaintiffs about the bankruptcy filing or the Trustee about this case. *See* ECF Nos. 40 at 3, 46 at 3. BBH's bankruptcy filings did not list the Plaintiffs as creditors. *See* ECF Nos. 46-2, 46-3. The Trustee

---

[2] The facts are not in dispute.

2

states that he learned of this litigation after BBH was contacted by a reporter on May 1, 2013. ECF No. 40 at 3. It appears that he then contacted Plaintiffs' counsel.[3] See ECF No. 46 at 3.

On May 2, 2013, the Trustee moved to reopen this case and vacate the judgment against BBH. ECF No. 40. On June 7, 2013, the Plaintiffs opposed the motion and moved to annul the stay. ECF No. 46. On June 20, 2013, the Trustee replied and opposed the motion to annul. ECF No. 49.

II. Analysis

The Trustee asks the Court to vacate the judgment against BBH under Fed. R. Civ. P. 60(b)(4) because it is void for violating the automatic bankruptcy stay. ECF No. 40. The Plaintiffs assert that this Court should not vacate the judgment or, alternatively, should annul the stay. ECF No. 46.

When a bankruptcy case is filed, 11 U.S.C. § 362(a)(1) automatically stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before" the bankruptcy action. The Plaintiffs concede that the automatic stay should have prevented the issuance of the judgment against

---

[3] The Plaintiffs state that the Trustee called on April 30, 2013. ECF No. 46 at 3.

3

BBH in this case.[4] See ECF No. 46 at 4. The Plaintiffs, however, contend that the Trustee's motion to vacate the judgment should not be granted for other reasons.

For relief under Rule 60(b), the moving party must show "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Hale v. Belton Assocs.*, 305 F. App'x 987, 988 (4th Cir. 2009) (*quoting Dowell v. State Farm Fire & Cas. Auto Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)). "After a party has crossed this initial threshold, he then must satisfy one of the six specific sections of Rule 60(b)). *Dowell*, 993 F.2d at 48.

The Plaintiffs assert that the motion is untimely and no exceptional circumstances are present. ECF No. 46 at 4-5. The Trustee's motion was filed a month and a half after judgment was entered and the day after he learned of the judgment. See ECF No. 40 at 3. Although "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal," *Dowell*, 993 F.2d at 48, this motion seeks a very different result than an appeal. The Trustee challenges only

---

[4] The parties also appear to agree that the R&R remains valid, but the Court lacked the power to adopt it and issue judgment. See ECF Nos. 40 at 4, 46 at 4.

4

the *entry* of judgment, not the underlying merits of the case.[5] *See* ECF Nos. 40, 49. Given this timing and posture, the motion is timely and exceptional circumstances are present.

There is no dispute that the Trustee's assertion of the stay is meritorious. Finally, the Plaintiffs have not asserted prejudice, and the Court sees none. The judgment against Hathaway will remain in effect, and the Plaintiffs will be able to assert their claim against BBH through the bankruptcy process.[6] As the Trustee has met the initial factors, the Court will proceed to the relief sought. *See Hale*, 305 F. App'x at 988.

The Trustee seeks relief under Fed. R. Civ. P. 60(b)(4), which permits the Court to vacate void judgments. The Fourth Circuit has stated that judgments are void "for purposes of Rule 60(b)(4) only if the court rendering the decision lacked personal or subject matter jurisdiction or acted in a manner inconsistent with due process of law." *Wendt v. Leonard*, 431 F.3d 410, 412 (4th Cir. 2005). The Courts of Appeal have construed a lack of jurisdiction narrowly, generally limiting Rule 60(b)(4) relief to those cases when the court clearly had

---

[5] In fact, the Trustee is willing to work with the Plaintiffs toward a stipulated allowed claim in the bankruptcy case. ECF No. 49 at 1.

[6] As noted above, there is the possibility of a stipulated allowed claim. *See supra* n.5. Further, they may seek relief from the stay from the bankruptcy court. *See also infra* at 7.

no basis for exercising jurisdiction. *See id.* at 413 (collecting cases).

There is no dispute that this Court would not have entered judgment had it been aware of the automatic stay. Section 362(a)(1) clearly prohibits this Court from permitting the suit to continue. However, there is a circuit split about whether a judgment in violation of the stay is void or voidable, and the Fourth Circuit has not taken a position. *See In re Loy*, No. 07-51040-SCS, 2008 WL 906503, at *6 (Bankr. E.D. Va. Apr. 3, 2008); *Winters ex rel. McMahon v. George Mason Bank*, 94 F.3d 130, 136 (4th Cir. 1996) (describing the split and declining to decide the issue). However, judges in this district have consistently held that violations of the automatic stay are void.[7] This Court believes those decisions are correct.

The Plaintiffs do not dispute that the judgment was entered in violation of the stay. *See* ECF No. 46 at 4. This Court would not have granted default judgment against BBH had it known of the bankruptcy filing; it inarguably lacked the authority to

---

[7] *See, e.g., King v. Wells Fargo Bank, N.A. (In re King)*, 362 B.R. 226, 233-34 (Bankr. D. Md. 2007) (collecting cases); *Hardy v. Spaith (In re Hardy)*, Bankr. No. 06-10415-WIL, Adversary No. 06-01439-WIL, 2006 WL 4459298, at *2 (Bankr. D. Md. Nov. 30, 2006) (holding judgment in violation of stay void); *Guttman v. CitiCapital Commercial Corp. (In re Furley's Transport, Inc.)*, 306 B.R. 514, 520-21 (D. Md. 2002).

do so under § 362(a)(1). Accordingly, the Trustee has met the requirements of Rule 60(b)(4) for vacating the judgment.[8]

The Plaintiffs assert that this Court should not vacate the judgment, but rather should annul the stay and permit the judgment to stand. ECF No. 46 at 5-9. The Trustee asserts that the motion to annul is procedurally flawed. ECF No. 49 at 3.

The Trustee is correct that the Plaintiffs' motion must fail. First, this case is not directly related to the bankruptcy proceeding, and the Plaintiffs have provided no authority for this Court's interference with that case. Second, under Local Rule 402, all bankruptcy proceedings are "deemed to be referred to the Bankruptcy Judges of this District." See 28 U.S.C. § 157(a). The Plaintiffs have not moved to withdraw the reference. See 28 U.S.C. § 157(d) (procedure for motion for withdrawal of reference); Fed. R. Bankr. P. 5011(a) (same); Local Rule 405 (same). To the extent that the Plaintiffs seek the lifting or annulling of the stay, they must seek relief in the Bankruptcy Court or withdrawal of the reference. Accordingly, the Plaintiffs' motion to annul will be denied. The Trustee's motion to vacate will be granted.

---

[8] See Wendt 431 F.3d at 412-13; see also Jones v. Confidential Investigative Consultants, Inc., No.92C1566, 1994 WL 127261, at *2 (N.D. Ill. Apr. 12, 1994) (indicating willingness to vacate judgment in violation of stay if the Seventh Circuit would remand for that purpose).

III. Conclusion

For the reasons stated above, the Trustee's motion to reopen the case and vacate the judgment will be granted. The Plaintiffs' motion to annul the stay will be denied.

_____7/9/13_____  　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge